# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### NEW ALBANY DIVISION

| | | |
|---|---|---|
| KEETH LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00160-TWP-KMB |
| | ) | |
| JERRY GOODIN, | ) | |
| DOUG HEARLD, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion to Amend Complaint, Denying Motion to Reconsider Initial Partial Filing Fee and Motions Regarding Retaliation, and Directing Service of Process**

This matter is before the Court on several motions filed by Plaintiff Keeth Lucas. ("Lucas"). Lucas is a prisoner currently incarcerated in the Scott County Jail. The Court previously dismissed his complaint and provided him an opportunity to file an amended complaint. Now before the Court is Lucas Motion for Leave to File an Amended Complaint (Dkt. 22), Motion to Reconsider Assessment of an Initial Partial Filing Fee, (Dkt. 13) and three Motions to make the Court aware of Retaliation (Dkts. 14, 16 and 19).

Lucas Motion for Leave to File an Amended Complaint dkt. [22], is **granted**. The amended complaint at docket 22 is now the operative complaint in this action.  Before screening the amended complaint pursuant to 28 U.S.C. § 1915A(a), (c), the Court addresses Lucas's other pending motions. First, his motion for court assistance, dkt. [7], is **granted to the extent** he is informed that the notice to file a Rule 7.1 disclosure statement, dkt. [4], does not require any response from him. Second, his motion to reconsider the assessment of an initial partial filing fee, dkt. [13], is **denied as moot** because he paid the initial partial filing fee on November 20, 2023. Dkt. 17. Finally, his motions to make the Court aware of retaliation, dkt. [14], dkt. [16], and dkt.

[19], are **denied**. These motions were filed before Lucas's amended complaint which also raises allegations of retaliation. Because an amended complaint completely replaces any previously operative complaint, it must be a complete statement of the plaintiff's claims, including the factual basis of those claims and the relief sought by the plaintiff. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Thus, the Court now screens only the factual allegations raised in the amended complaint.

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The amended complaint does not include a list of defendants. The original complaint named Sheriff Jerry Goodin and Jail Commander Doug Hearld as defendants. Lucas has requested

law library access multiple times to both help prepare his defense and to prepare complaints about jail conditions. Assistant Jail Commander Patty Combs has ignored his requests. Sgt. Phil Emily told him he could only access legal resources if he was proceeding pro se in his criminal defense. Assistant Commander Combs also told Lucas that his case would be dismissed because her interference prevented him from submitting his initial partial filing fee by the Court's deadline.

Sgt. Emily placed Lucas in segregation, and when Lucas asked why, Sgt. Emily told him he should file another lawsuit. Assistant Commander Combs has also retaliated against him by threatening him with assault by other inmates.

He has filed grievances to Sheriff Goodin and Jail Commander Hearld but has not received any responses. Sheriff Goodin commented that Sgt. Emily would throw Lucas to the wolves, meaning place him with inmates who might attack him. Jail Commander Hearld also knew of the threats to Lucas's safety but did nothing.

Lucas concludes his amended complaint by alleging that "[a]ll those actions have prevented me to [sic] my religious beliefs (church and bible study along with sub-abuse class)." Dkt. 22 at 4.

He seeks injunctive relief and monetary damages.

### III. Discussion of Claims

Applying the screening standard to the facts alleged in the amended complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, any access to courts claim is **dismissed** for failure to state a claim. To state a First Amendment access-to-courts claim, Lucas must state facts that would allow the court to reasonably infer that the defendants' actions "prevented [him] from pressing a nonfrivolous legal claim." *Murphy v. Kamphuis*, 858 F. App'x 939, 941 (7th Cir. 2021). "Although fact pleading is unnecessary, a prisoner's complaint must spell out, in minimal detail, the connection between the

alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). Lucas has failed to identify any nonfrivolous legal claim that has been prejudiced by his alleged inability to access his legal materials. Nor has he "spell[ed] out, in minimal detail," the relationship between his lack of access to legal materials and any adverse legal result. *Id.* A review of the online docket in his state criminal proceedings reveals that he is represented by counsel.[1] To the extent he wishes to challenge conditions at the jail, he has not provided any factual allegations regarding unconstitutional conditions and so has not identified a nonfrivolous legal claim he has been prevented from pursuing.

Second, to the extent Lucas intended to raise a First Amendment free exercise claim, his vague allegation that all of the actions described in the amended complaint have prevented him from practicing his religion is insufficient to state a viable constitutional claim against any particular defendant. If he intended to raise such a claim, he may seek to file an amended complaint that alleges what actions, taken by what defendant or defendants, have prevented him from practicing his religion, and in what way.

Third, all claims against Sheriff Goodin and Commander Hearld are **dismissed** for failure to state a claim. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). To the extent he attempts to raise failure to protect claims against these defendants, such claims also fail. "[T]o state a viable failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee must allege: (1) the defendant made an intentional decision regarding the conditions of the plaintiff's

---

[1] Available by search at mycase.IN.gov.

confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries." *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). But Lucas has not alleged an actual injury. Although the amended complaint generally alleges that Assistant Commander Combs threatened Lucas with physical attack by other inmates, there is no indication that he was actually attacked.

Finally, Lucas's First Amendment retaliation claims against Assistant Commander Combs and Sgt. Emily **shall proceed** as pleaded in the amended complaint. These are the only viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 16, 2024,** in which to identify those claims.

The **clerk is directed** to terminate Sheriff Goodin and Commander Hearld and to add Sgt. Phil Emily and Assistant Commander Patty Combs as defendants on the docket.

### IV. Conclusion and Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Emily and Combs in the manner specified by Rule 4(d). Process shall consist of the amended complaint (dkt. [22]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

In summary, Lucas' motion for leave to file an amended complaint, dkt. [22], is **granted**. His motion for court assistance, dkt. [7], is **granted**. His motion to reconsider the assessment of an initial partial filing fee, dkt. [13], and his motions to make the Court aware of retaliation, dkt. [14], dkt. [16], and dkt. [19], are **denied**.

**IT IS SO ORDERED.**

Date: 4/22/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KEETH LUCAS
34494
SCOTT COUNTY JAIL
111 S. First St.
Scottsburg, IN 47170

Assistant Commander Patty Combs
SCOTT COUNTY JAIL
111 S. First St.
Scottsburg, IN 47170

Sgt. Phil Emily
SCOTT COUNTY JAIL
111 S. First St.
Scottsburg, IN 47170